IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| ROADHOUSE HOLDING INC., | : | Case No. 16-11819-BLS |
| Reorganized Debtor. | : | (Jointly Administered) |
| WAYNE ENGLISH, | : | Civ. No. 17-731-RGA |
| Appellant, | : | |
| v. | : | |
| ROADHOUSE HOLDING INC., | : | |
| Appellee. | : | |

## MEMORANDUM

Pending before this Court is the Motion to Dismiss Appeal for Lack of Jurisdiction (D.I. 16) filed by Roadhouse Holding Inc. ("Reorganized Debtor") with respect to a *pro se* appeal filed by Wayne English ("Appellant"). The Motion to Dismiss argues that the Court lacks appellate jurisdiction to consider this appeal because Appellant failed to file a notice of appeal within the 14-day period prescribed by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and failed to request an extension of the deadline for excusable neglect within the time frame set forth in Bankruptcy Rule 8002(d)(1). For the reasons set forth below, the Motion to Dismiss is granted, and the appeal is dismissed for lack of appellate jurisdiction.

1. **Background.** This appeal arises out of the chapter 11 cases of the now Reorganized Debtor and certain affiliates, which were filed on August 8, 2016 (the "Petition Date"). As of the Petition Date, Appellant held claims on account of the Debtors' publicly issued 10.75% Senior Secured Notes due October 2017 (the "Notes"). He timely filed a proof of

claim on account of his Notes in the chapter 11 cases (Claim No. 6099) (the "Claim"). The Debtors objected to Appellant's claim (B.D.I. 625) ("Objection")[1] on the basis that the Indenture Trustee for the Notes had filed proofs of claim on behalf of all individual noteholders, including Appellant, and that Appellant's claim was therefore duplicative of the Indenture Trustee's proofs of claim. (*See id.* at 4-5). On March 22, 2017, the Bankruptcy Court held a hearing on the Objection as it related to Appellant's claim specifically and heard argument from Appellant. (*See* B.D.I. 799). The same day, the Bankruptcy Court entered an order sustaining the Objection with respect to Appellant's Claim. (B.D.I. 790).

2.  On April 4, 2017, Appellant filed the Motion for New Trial, Motion for Rehearing, and Motion to Modify, Correct or Reform the Judgment Granting Debtors' Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 as to Proof of Claim 6099 Filed by Wayne English (B.D.I. 806) (the "Reconsideration Motion"), which was opposed by the Reorganized Debtor (B.D.I. 815).

3.  On May 25, 2017, the Bankruptcy Court entered a Memorandum Order denying the Reconsideration Motion ("Final Order"). (B.D.I. 825).

4.  Appellant's Notice of Appeal of the Final Order was filed on June 12, 2017, eighteen days after entry of the Final Order. (B.D.I. 840).

5.  The Motion to Dismiss is fully briefed. (D.I. 16, 18, 19). Appellant filed a motion to strike (D.I. 20) ("Motion to Strike") the Reorganized Debtor's reply in support of the Motion to Dismiss (D.I. 19) ("Reply"), on the basis that the Reply was untimely, and the Reorganized Debtor filed a response thereto (D.I. 21).

---

[1] The docket of the Chapter 11 cases, captioned *In re Roadhouse Holding Inc., et al.*, Case No. 16-11819 (BLS) (Bankr. D. Del.), is cited herein as "B.D.I. ___."

2

6. **Jurisdiction and Standard of Review.** The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). Bankruptcy Rule 8002 provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Where a party makes a timely motion in the bankruptcy court (i) to amend or make additional findings under Bankruptcy Rule 7052, (ii) to alter or amend the judgment pursuant to Bankruptcy Rule 9023, (iii) for a new trial under Bankruptcy Rule 9023, or (iv) for relief under Bankruptcy Rule 9024, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b). The Reconsideration Motion was disposed of by entry of the Final Order on May 25, 2017. Therefore, the time for appeal runs from May 25, 2017. Fed R. Bankr. P. 8002(b). The Third Circuit has held that the failure to appeal a bankruptcy court's ruling to the district court within the time period established by Bankruptcy Rule 8002 deprives the district court of jurisdiction to hear an appeal. *See In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011).

7. **Discussion.** The Final Order denying the Reconsideration Motion was entered on May 25, 2017. The deadline to file an appeal expired 14 days later, on June 8, 2017. *See* Fed. R. Bankr. P. 8002. The appeal was not filed until June 12, 2017, four days after the 14-day period under Bankruptcy Rule 8002 had expired. Although the Bankruptcy Rules alone cannot create or withdraw jurisdiction, Congress has limited the jurisdiction of this Court to hear an appeal from a final order of a Bankruptcy Court by specifically incorporating the time limits of Rule 8002 in the jurisdictional grant to the district courts to hear appeals from bankruptcy courts. Section 158(c)(2) of title 28 provides that "an appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the

3

courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."

8. "[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)). The Third Circuit has joined other circuits in holding that the time limits of Bankruptcy Rule 8002 are jurisdictional, and the failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review. *See Caterbone*, 640 F.3d at 112-13 & n.5 (citing *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997)); *see also, In re Sobczak-Slomczewski,* 826 F.3d 429, 432 (7th Cir. 2016); *In re Berman-Smith,* 737 F.3d 997, 1003 (5th Cir. 2013); *In re Latture*, 605 F.3d 830, 836-37 (10th Cir. 2010). As the Third Circuit has explained:

> [b]ecause Section 158 ... specifies the time within which an appeal must be taken – i.e., "in the time provided by Rule 8002" – that requirement is jurisdictional ... Here, even though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.

*Caterbone*, 640 F.3d at 111-12.

9. The Court must reject Appellant's argument that the Notice of Appeal was timely filed. (*See* D.I. 18 at 2). Appellant's Opposition to the Motion to Dismiss attached as an exhibit what purports to be tracking results from the U.S. Postal Service. (*See id.*, Ex. 2). Based on this document, Appellant asserts, "After receiving [Appellant's] notice of appeal on Thursday June 8th, 2017, the clerk did not file the notice until Monday June 12, 2017. The delay was the direct result of the clerk not filing the notice in a timely manner." (*Id.* at 14). The evidence proffered by Appellant does not establish that he timely filed the Notice of Appeal. Under the Bankruptcy Rules, the date the Bankruptcy Court Clerk receives the notice determines whether the appeal

4

was timely filed. *See* Fed. R. Bankr. P. 8002(a)(1). The Third Circuit has consistently held that "[t]he date a court receives a notice of appeal controls whether it was timely filed." *In re Hussain*, 532 F. App'x 196, 197 (3d Cir. 2013); *see also Chicago v. U.S. Dep't of Labor*, 737 F.2d 1466, 1471 (7th Cir. 1984) ("It is well settled that a notice of appeal or a petition for review is filed once the [court] receives actual custody of the document."). I assume the truth of the information presented. The tracking results establish that the document was still in transit on June 8, 2017 at 7:10 p.m. – at a time after the Clerk's Office had closed. (*See* D.I. 18, Ex. 2 ("Departed USPS Regional Facility"). As the Reorganized Debtor correctly points out, it was not until June 9, 2017 that the document both "Arrived at Unit" and was "Available for Pickup." (*See id.*) The document was only "Delivered" at 7:03 a.m. on June 12, 2017. (*See id.*)

10. Nor is the Court permitted at this juncture to consider whether any alleged mail delivery problems constitute "circumstances beyond a party's control" that might satisfy the standard of excusable neglect, as Appellant did not seek relief within the timeframe permitted by the Bankruptcy Rules. *See Pioneer Investment Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 390-92 (1993). Under Bankruptcy Rule 8002(d)(1), a bankruptcy court "may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Bankruptcy Rule 8002(d) requires that, even in cases of excusable neglect, the issue must be raised and a motion filed with the bankruptcy court within 21 days following the expiration of the 14-day appeal period provided in Bankruptcy Rule 8002(a)(1). The twenty-one day period following the June 8, 2017 deadline expired on June 29, 2017. Upon learning of the June 12, 2017 delivery, Appellant could have asked the Bankruptcy Court to extend the time to appeal by filing a motion before June 29, 2017, but Appellant did not do so. Here, no motion for

5

relief or showing of excusable neglect was ever made, and "[t]he rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *Caterbone*, 640 F.3d at 114 (quoting *S'holders*, 109 F.3d at 879). The Court is without jurisdiction to consider the appeal, regardless of whether Appellant might demonstrate excusable neglect. *Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005).

11. Appellant appears to argue that, under Bankruptcy Rule 9006(f), he was afforded more time to file the appeal because he was served with the Final Order by mail. (*See* D.I. 18 at 7). Bankruptcy Rule 9006(f) provides: "When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail ..., three days are added after the prescribed period would otherwise expire under Rule 9006(a)." Fed. R. Bankr. P. 9006(f). As the Reorganized Debtor correctly argues, however, Bankruptcy Rule 9006(f) does not extend the time within which to act where, as here, the time period for taking the action begins to run from an event other than service, *i.e.*, entry of the Final Order. *See* Fed. R. Bankr. P. 9006(f) (applying "when there is a right or requirement to act ... within a prescribed period after service and that service is by mail ..."); *In re Arbuckle*, 988 F.2d 29, 31-32 (5th Cir. 1993) (holding that Bankruptcy Rule 9006(f), by its terms, applies when a time period begins to run after service, and thus does not apply to the appeals period prescribed by Bankruptcy Rule 8002(a), which begins to run upon entry of the order, not its service); *In re B.J. McAdams, Inc.*, 999 F.2d 1221, 1225 (8th Cir. 1993) (discussing that, under Bankruptcy Rule 9006(f), "the time to file the ... notice of appeal runs from the entry of judgment, not from service of notice of the judgment.") Pursuant to Bankruptcy Rule 8002, the 14-day appeal period began to run upon the entry of the Final Order, on May 25, 2017, and not upon its service. The time for appeal is not enlarged by any service by mail under Bankruptcy Rule 9006(f).

6

12. Appellant also appears to argue that other Bankruptcy Rules requiring service of the Final Order on Appellant provided him with three extra days to file the Notice of Appeal. (*See* D.I. 18 at 4-10). The Court must reject these arguments. Bankruptcy Rule 9022(a) by its express terms has no bearing on the time period set by Bankruptcy Rule 8002. Bankruptcy Rule 9022(a) states that lack of notice "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed. R. Bankr. P. 9022(a). Appellant also cites Bankruptcy Rule 9033, but that rule applies to proposed findings of fact and conclusions of law made by a bankruptcy court and submitted to a district court. *See* Fed. R. Bankr. P. 9033. The Bankruptcy Court did not issue proposed findings of fact and conclusions of law. Bankruptcy Rule 9033 is inapplicable.

13. Finally, Appellant's Motion to Strike the Reorganized Debtor's Reply in further support of its Motion to Dismiss must be denied. Appellant argues that his Opposition was served by mail on September 5, 2017.[2] (*See* D.I. 20 at 3 & Ex. A (attaching U.S. Postal Service certified mail receipt, dated September 5, 2017)). The Reorganized Debtors' Reply was filed eight days later, on September 13, 2017, and Appellant argues the Reply was untimely and "invalid." (D.I. 20 at 3-4). Appellant correctly states that Bankruptcy Rule 8013(a)(3)(B) permits replies filed in support of motions in bankruptcy appeals to be filed "within 7 days after service of the response." *See* Fed. R. Bankr. P. 8013(a)(3)(B). However, Appellant's argument that, because "service is complete upon mailing," the 7-day period began to run when he mailed his Opposition on September 5, 2017, is incorrect. As discussed above, Bankruptcy Rule 9006(f) provides for a three-day extension of a period prescribed under the Bankruptcy Rules that is calculated "after service and that service is by mail." *See* Fed. R. Bankr. P. 9006(f). Here, the

---

[2] The certificate of service included with Appellant's opposition brief does not actually indicate the date or manner of service, as required by Bankruptcy Rule 8011. (*See* D.I. 18 at 25).

7

deadline for filing the Reply under Bankruptcy Rule 8013 is calculated "after service of the response," and Appellant did serve his response by mail. Fed. R. Bankr. P. 8013(a)(3)(B) (emphasis added). Thus, the Reorganized Debtor had a total of ten days to file its Reply – until September 15, 2017. The Reply filed on September 13, 2017 was therefore timely.

14. **Conclusion.** The jurisdictional defect is non-waivable. Having failed to file a timely notice of appeal and having failed to make a showing of excusable neglect for the untimely filing within the time frame set forth in Bankruptcy Rule 8002(d)(1)(B), this Court lacks jurisdiction to hear the appeal, and the appeal must be dismissed.

15. A separate order will be entered.

*[signature]*
United States District Judge