## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| ROADHOUSE HOLDING INC., *et al.*, | : | Case No. 16-11819-BLS |
| Reorganized Debtors. | : | (Jointly Administered) |
| WAYNE ENGLISH, | : | |
| Appellant, | : | Civ. No. 17-731-RGA |
| v. | : | |
| ROADHOUSE HOLDING INC., *et al.*, | : | |
| Appellees. | : | |

**MEMORANDUM**

Pending before this Court is *pro se* appellant Wayne English's Motion for Rehearing (D.I. 25), filed with respect to the Court's March 22, 2018 Memorandum and Order (D.I. 23, 24) granting the Reorganized Debtor's Motion to Dismiss (D.I. 16) the appeal as untimely. For the reasons set forth below, the Motion for Rehearing is denied.

**I.     BACKGROUND**

This appeal arises out of the chapter 11 cases of the now Reorganized Debtor and certain affiliates,[1] which were filed on August 8, 2016 (the "Petition Date"). As of the Petition Date, Appellant held claims on account of the Debtors' publicly issued 10.75% Senior Secured Notes due October 2017 (the "Notes"), and he timely filed a proof of claim on account of his Notes in the chapter 11 cases (Claim No. 6099) (the "Claim"). The Debtors objected to Appellant's claim

---

[1] The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of November 23, 2016: Roadhouse Intermediate Inc.; Roadhouse Midco Inc.; Roadhouse Parent Inc.; LRI Holdings, Inc.; Logan's Roadhouse, Inc.; Logan's Roadhouse of Texas, Inc.; and Logan's Roadhouse of Kansas, Inc.

(B.D.I. 625) ("Objection")[2] on the basis that the Indenture Trustee for the Notes had filed proofs of claim on behalf of all individual noteholders, including Appellant, and that Appellant's claim was therefore duplicative of the Indenture Trustee's proofs of claim. (*See id.* at 4-5). On March 22, 2017, the Bankruptcy Court held a hearing on the Objection as it related to Appellant's claim specifically and heard argument from Appellant. (*See* B.D.I. 799). The same day, the Bankruptcy Court entered an order sustaining the Objection with respect to Appellant's Claim (B.D.I. 790).

On April 4, 2017, Appellant filed the *Motion for New Trial, Motion for Rehearing, and Motion to Modify, Correct or Reform the Judgment Granting Debtors' Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 as to Proof of Claim 6099 Filed by Wayne English* (B.D.I. 806) (the "Reconsideration Motion"), which was opposed by the Reorganized Debtor (B.D.I. 815). On May 25, 2017, the Bankruptcy Court entered a Memorandum Order denying the Reconsideration Motion (B.D.I. 825) ("Final Order"). The deadline for filing the appeal was June 8, 2017. *See* FED. R. BANKR. P. 8002(a). The appeal was docketed on June 12, 2017, eighteen days after entry of the final order. (B.D.I. 840).

On August 25, 2017, Reorganized Debtor filed its Motion to Dismiss the appeal as untimely. (D.I 16). Appellant's Opposition to the Motion to Dismiss attached as an exhibit what purports to be tracking results from the United States Postal Service ("USPS") and argued, *inter alia*, that "unexplained delays" resulted in the untimely filing. (*See* D.I. 18). Based on the USPS tracking results, Appellant argued that, "[a]fter receiving [the] notice of appeal on Thursday June 8th, 2017, the clerk did not file the notice until Monday June 12, 2017. The delay was the direct

---

[2] The docket of the Chapter 11 cases, captioned *In re Roadhouse Holding Inc., et al.*, Case No. 16-11819 (BLS) (Bankr. D. Del.), is cited herein as "B.D.I. \_\_\_."

2

result of the clerk not filing the notice in a timely manner." (*Id.* at 14). According to the USPS tracking results, the document was still in transit ("Departed USPS Regional Facility") on June 8, 2017 at 7:10 p.m. (at a time after the Clerk's Office had closed); was not "Available for Pickup" until June 9, 2017; and was not "Delivered" until 7:03 a.m. on June 12, 2017. (*See id.* at Ex. 2). Assuming the truth of the information set forth therein, the Court issued the Memorandum and Order dismissing the appeal as untimely. (D.I. 24). Appellant's other arguments regarding calculation of the deadline lacked merit and were rejected by the Court. (*See* D.I. 23 at 6-8).

On April 5, 2018, 2016, Appellant filed the Motion for Rehearing. (D.I. 25). The Motion for Rehearing is fully briefed. (*See* D.I. 26, 27).

## II. JURISDICTION & STANDARD OF REVIEW

A motion for rehearing may be granted under Bankruptcy Rule 8022 if: (1) the court has patently misunderstood a party, (2) the court has made a decision outside the adversarial issues presented by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court. *See Lau v. Bank of America, N.A. (In re Lau)*, 684 F. App'x 235, 239 (3d Cir. 2017). Reargument and reconsideration requests "are not a substitute for an appeal from a final judgment" nor are they an opportunity for "endless debate between the parties and the Court." *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (internal citations omitted). Reargument should not be granted where it would merely "allow wasteful repetition of arguments already briefed, considered, and decided." *Id.* (citing *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

"It is well settled that a notice of appeal or a petition for review is filed once the Court of Appeals receives actual custody of the document." *City of Chicago v. U.S. Dep't of Labor*, 737 F.2d 1466, 1471 (7th Cir. 1984). In most circumstances, the date stamped on the notice of appeal

3

will be the date of filing. *In re Syntax-Brillian Corp.*, 610 F. App'x 132, 134 (3d Cir. 2015). However, the Third Circuit has previously observed that the date stamped on the notice of appeal by a court clerk is not always conclusive of the date of filing. *See, e.g., United States v. Solly,* 545 F.2d 874, 876 (3d Cir. 1976) (construing FED. R. APP. P. 4). In *Solly,* the defendant claimed that the clerk's office received his notice of appeal on the last day for filing, by certified mail, but that it was not entered on the docket until five days later. *Id.* The Third Circuit determined that "whenever a notice of appeal is filed in a district court, it is filed as of the time it is actually received in the clerk's office even though it is designated as filed by the clerk's office at a later date." *Id.* Otherwise, "the timeliness of the filing would be under the control of the personnel of the clerk's office rather than the appellant." *Id.*

## III. DISCUSSION

Appellant argues that rehearing should be granted because (i) the Court misapprehended the information contained in the USPS tracking results and/or (ii) there has been a change in facts since the submission of the issue to the Court based on the information obtained from the USPS, Delaware Postmaster, and Bankruptcy Court employees. (*See* D.I. 25 at 3-4; D.I. 27 at 2). According to Appellant, the Bankruptcy Court obtained custody of the Notice of Appeal when it was redirected on June 8, at the Bankruptcy Court's instruction, to a "customer mail receptacle" and held for later courier pick up. (*See* D.I. 25 at 3). Appellant has provided the USPS tracking results and a sworn affidavit in support of his argument that the Notice of Appeal, while being redirected on June 8 to the customer mail receptacle for eventual pick up by the courier, was at all times in the custody of the Clerk, and was therefore timely filed. (*See* D.I. 27 at Ex. 1 & 2).

Appellant has provided a sworn affidavit asserting new facts, based on conversations with a customer service supervisor at the USPS, the Delaware postmaster, and the Bankruptcy Court, regarding the "unexplained delay" which resulted in the late filing of the Notice of

Appeal. (*See* D.I. 27 at Ex. 2). Appellant asserts that all mail addressed to the Bankruptcy Court's physical address is redirected to a "customer mail receptacle" for later courier pick-up, rather than going out for normal delivery. (*See id.* at Ex. 2, p. 2). Pursuant to a separate agreement with local courier "Parcels," the courier picks up the mail from the customer mail receptacle once each non-holiday weekday morning and delivers the mail to the Bankruptcy Court. (*Id.* at 2; *see also* D.I. 25 at 3). Any mail received after 8:00 a.m. is not picked up by Parcels until the following non-holiday weekday morning. (*Id.* at 2; *see also* D.I. 25 at 3).

Appellant argues that the redirection by the Bankruptcy Court is also reflected on the USPS tracking sheet. (*See* D.I. 27 at Ex. 1). The tracking information provided by Appellant shows that the item arrived on Thursday, June 8 at 8:05 a.m. at the USPS Regional Destination Facility at the Wilmington, DE Distribution Center. (*Id.*) According to Appellant, the tracking information demonstrates that the item "Departed USPS Regional Facility" at 7:10 p.m. – more than eleven hours later – and "Arrived at Unit," *i.e.*, the customer mail receptacle, the following day, on Friday, June 9 at 1:02 p.m. (*Id.*) Although the item was made "Available for pick up" at 2:58 p.m. that same day, items received in the Bankruptcy Court's customer mail receptacle after 8:00 a.m. are not retrieved by Parcels until the next non-holiday weekday morning. (*Id.*; D.I. 25 at 3) Thus, the item was not picked up by Parcels and delivered to the Bankruptcy Court until Monday, June 12, 2017. (*Id.*)

Having considered the arguments and evidence presented in the Motion for Rehearing, I find no basis for Appellant's assertion that I have misapprehended his arguments or misinterpreted the information contained in the USPS tracking sheet, nor do I find any new facts that would alter my conclusion. As I previously concluded, the USPS tracking results demonstrate that the Notice of Appeal had only reached the USPS Regional facility on June 8, 2017 and was still in transit at 7:10 p.m. that evening – at a time after the Clerk's Office had

5

closed. The USPS Regional facility does not deliver mail to customers. Instead, it delivers mail from the regional facility to the local post office. In this case, the Wilmington DE Distribution Center delivers mail to various post offices, including the post office for zip code 19801. For many, probably most, customers, the local post office then delivers the mail to the customer. But for the Clerk of the Bankruptcy Court, the 19801 post office puts mail into the Bankruptcy Court's customer mail receptacle, or "Unit." Assuming that delivery to the "Unit" counts as delivery to the Clerk of the Bankruptcy Court (which seems reasonable to me, as, once the mail reaches the "Unit," it is in the control of the Clerk, who could, I assume, arrange a later cut-off than 8 a.m. for the courier's pick-up), the tracking sheet proves that Appellant's mail was not delivered to the Unit until mid-day on June 9, 2017, which was after the deadline expired.[3] The point where Appellant's argument fails is that he equates delivery to the Distribution Center as being the same as delivery to the 19801 post office.[4] It is not. Based on the foregoing, I cannot conclude that Appellant's Notice of Appeal was timely.

Nor did Appellant seek leave from the deadline for excusable neglect. Under Bankruptcy Rule 8002(d)(1), a bankruptcy court "may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Bankruptcy Rule 8002(d) requires that, even in cases of excusable neglect, the issue must be raised and a motion filed within 21 days following the expiration of the 14-day appeal period provided in

---

[3] While I think it is generally known how the Post Office delivers mail, I note that the USPS itself explains the process. https://about.usps.com/publications/pub100/pub100_078.htm (last visited June 26, 2108). *See* Fed. R. Evid. 201(b)(1) & (2).

[4] The USPS Tracking Results (D.I. 18 at 19-20) distinguishes between the two locations, describing the regional facility as "Wilmington DE Distribution Center" and the local post office as "Wilmington, DE 19801." The status column shows that the mail "departed" from Wilmington, DE Distribution Center and then "arrived" at Wilmington, DE 19801.

6

Bankruptcy Rule 8002(a)(1). Although Appellant could have asked the Bankruptcy Court to extend the time to appeal upon a showing of excusable neglect by filing a motion within 21 days after the time for taking an appeal had expired, he did not do so. Here, no motion for relief was ever made to the Bankruptcy Court, and "[t]he rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *In re Caterbone*, 640 F.3d 108, 113-114 (3d Cir. 2011) (internal citations omitted). The Court is therefore without jurisdiction to consider the appeal regardless of whether Appellant might demonstrate excusable neglect based on the asserted delay in delivery. *Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005).

## IV. CONCLUSION

For the foregoing reasons, the Motion for Rehearing is denied. A separate order will be entered.